# EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
01/25/2022
CT Log Number 540937881

TO:     Matthew Endlish
        Fedex Ground Package System, Inc.
        1000 FED EX DR
        MOON TOWNSHIP, PA 15108-9373

RE:     **Process Served in Connecticut**

FOR:    FedEx Ground Package System, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: REBECCA SUPAN // To: FedEx Ground Package System, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Statement |
| **COURT/AGENCY:** | New Haven at Milford Superior Court Judicial District, CT Case # None Specified |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - On or about 03/24/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2022 at 13:25 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after the return date (02/15/2022) |
| **ATTORNEY(S) / SENDER(S):** | Carter Mario Law Firm 100 Plains Road Milford, CT 06461 203-281-0202 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/25/2022, Expected Purge Date: 01/30/2022 |
| | Image SOP |
| | Email Notification, Matthew Endlish  matthew.endlish@fedex.com |
| | Email Notification, Lisa Santucci  lisa.santucci@fedex.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 67 Burnside Ave East Hartford, CT 06108 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUMMONS - CIVIL**
JD-CV-1   Rev. 1-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.**

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 – 6800 | 02/15/2022 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | ☐ Number: | New Haven | Major: **V**   Minor: **01** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Carter Mario Law Firm, 100 Plains Road, Milford, CT 06461 | 106160 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 281 – 0202 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* lmario@cartermario.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Supan, Rebecca** <br> Address: **330 Merwin Avenue, Unit H5, Milford, CT 06460** | P-01 |
| **Additional plaintiff** | Name: <br> Address: | P-02 |
| **First defendant** | Name: **Ramirez, Rangel** <br> Address: **2560 Matthews Avenue, Apt. 2, Bronx, NY 10467** | D-01 |
| **Additional defendant** | Name: **Fedex Ground Package System, Inc.** <br> Address: **c/o CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108** | D-02 |
| **Additional defendant** | Name: **CBA Logistics, Inc., 22 Craescot Way, Mahopac, NJ 10541** <br> Address: **c/o Secretary of the State, 165 Capitol Avenue, Hartford, CT 06115** | D-03 |
| **Additional defendant** | Name: <br> Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 01/19/2022 | | ☐ _____ Clerk | **Attorney Luke Mario** |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**
File Date

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Page 1 of 2**

RETURN DATE: FEBRUARY 15, 2022  :  **SUPERIOR COURT**

**REBECCA SUPAN**     :  **J.D. OF NEW HAVEN**

**VS.**        :  **AT NEW HAVEN**

**RANGEL RAMIREZ, FEDEX GROUND**
**PACKAGE SYSTEM, INC. and CBA**
**LOGISTICS, INC.**     :  **JANUARY 19, 2022**

## COMPLAINT

**COUNT ONE:** (Negligence as to Rangel Ramirez)

 1.  The plaintiff, Rebecca Supan (hereinafter, the "plaintiff"), was and still is a resident of the State of Connecticut with her place of residence being in the Town of Milford.

 2.  The defendant, Rangel Ramirez (hereinafter, "Defendant Ramirez"), was and still is a resident of the State of New York with his place of residence being in New York City.

 3. At all times mentioned herein, the co-defendant, FedEx Ground Package System, Inc. (hereinafter, "Defendant FedEx"), was a Delaware corporation licensed to do business in, and actively conducting business within, the State of Connecticut.

 4. At all times mentioned herein, the co-defendant, CBA Logistics, Inc. (hereinafter, "Defendant CBA"), was a New Jersey corporation licensed to do business in, and actively conducting business within, the State of Connecticut.

 5.  On or about March 24, 2020, at approximately 6:35 a.m., the plaintiff was the operator of a motor vehicle traveling southbound in the right lane of three on Interstate 95 in Greenwich, Connecticut.

 6.  At the same time and place, Defendant Ramirez was the operator of a 2018 Ford box truck vehicle traveling southbound in the right lane of three on Interstate 95 in Greenwich, Connecticut, directly behind the plaintiff's motor vehicle.

7.  At the same time and place, as the plaintiff slowed her vehicle due to traffic ahead, Defendant Ramirez, suddenly and without warning, drove directly into the rear of the plaintiff's motor vehicle (hereinafter the "collision").

8. At all times mentioned herein, Defendant Ramirez was a duly authorized agent and/or employee of Defendant FedEx.

9. At all times mentioned herein, Defendant Ramirez was operating a Ford box truck owned by Defendant FedEx, in the scope and course of his employment and with Defendant FedEx's express permission and authority to do so.

10. At all times mentioned herein, Defendant Ramirez was a duly authorized agent and/or employee of Defendant CBA.

11. At all times mentioned herein, Defendant Ramirez was operating a Ford box truck owned by Defendant CBA, in the scope and course of his employment and with Defendant CBA's express permission and authority to do so.

12. Defendant Ramirez caused this collision.

13. Defendant Ramirez was responsible for this collision.

14. This collision, and the resulting injuries and losses suffered by the plaintiff, were due to the negligence and carelessness of Defendant Ramirez in that he:

    a.      Failed to keep and maintain a safe distance by following too closely in violation of § 14-240 of the Connecticut General Statutes;

    b.      Operated a motor vehicle at a rate of speed too fast for the traffic and/or weather conditions then and there existing in violation of § 14-218a of the Connecticut General Statutes;

    c.      Failed to apply the brakes in time to avoid the collision, although in the exercise of due care, could and should have done so;

    d.      Failed to turn the motor vehicle to the left or to the right so as to avoid the

collision, although in the exercise of due care, could and should have done so;

e.     Failed to keep a motor vehicle under proper and reasonable control;

f.     Failed to keep a proper and reasonable lookout for other vehicles; and

g.     Otherwise failed to use proper and reasonable care while operating a motor vehicle.

15.  As a result of this collision, the plaintiff suffered the injuries and/or exacerbations as set forth below, some of which injuries and/or exacerbations, or the effects thereof, being permanent in nature:

a.     C3-C4 Disc bulge
b.     C4-C5 Disc bulge impressing upon ventral thecal sac
c.     C5-C6 Disc protrusion impressing upon ventral thecal sac
d.     C6-C7 Disc protrusion impressing upon ventral thecal sac
e.     Cervical sprain/strain with radiculopathy
f.     Lumbar sprain/strain
g.     Bilateral carpal tunnel syndrome

16. As a further result of the collision, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

17. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

18. As a further result of these injuries, the plaintiff has lost wages.

19. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

**COUNT TWO:** (Imputed liability as to FedEx Ground Package System, Inc.)

1-19. Paragraphs one through nineteen of Count One are hereby incorporated and made

paragraphs one through nineteen of this Count Two as if fully set forth herein.

20. At all times mentioned herein, Defendant Ramirez operated the vehicle of Defendant FedEx with the authorization of and/or as the agent of Defendant FedEx pursuant to Connecticut General Statutes § 52-182 and/or § 52-183.

21. Defendant FedEx is liable for the negligence of Defendant Ramirez.

**COUNT THREE:** (Imputed liability as to CBA Logistics, Inc.)

1-19. Paragraphs one through nineteen of Count One are hereby incorporated and made paragraphs one through nineteen of this Count Three as if fully set forth herein.

20. At all times mentioned herein, Defendant Ramirez operated the vehicle of Defendant CBA with the authorization of and/or as the agent of Defendant CBA pursuant to Connecticut General Statutes § 52-182 and/or § 52-183.

21. Defendant CBA is liable for the negligence of Defendant Ramirez.

**COUNT FOUR:** (Negligent entrustment as to FedEx Ground Package System, Inc.)

1-13. Paragraphs one through thirteen of Count One are hereby incorporated and made paragraphs one through thirteen of this Count Four as if fully set forth herein.

14. This collision, and the resulting injuries and losses suffered by the plaintiff, were due to the negligence and carelessness of Defendant FedEx, and/or its agents and/or employees in one or more of the following ways:

a.    In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez when they knew or should have known of Defendant Ramirez's inexperience and/or incompetence as a truck driver operating a box truck vehicle on the highway and in heavily trafficked areas;

b.    In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez when they knew or should have known that his ability or alertness was so impaired, or so likely to become impaired, through fatigue, illness, distraction, or any other cause, as to make it unsafe for him to begin or continue to operate the

2018 Ford box truck on the highway in heavily trafficked areas, in further violation of 49 C.F.R. Sections 392.3 et seq.;

c.  In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez prior to properly training and/or providing any training to its driver Defendant Ramirez, in the safe operation of the box truck vehicle when they knew or should have known that he was unfit and unfamiliar with driving said box truck on the highway and in heavily trafficked areas;

d.  In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez to operate on the highway and in heavily trafficked areas  prior to completing and confirming Defendant Ramirez's three-year driving history in violation of 49 C.F.R. Section 391.00, in failing to check its employee's previous three-year driver history, check with previous employers within the past 3 years minimum, check medical/physical qualifications, drug screening, continuing obligations with annual reviews/certifications, road test or equivalent and failing to have its employees demonstrate competence;

15. Defendant FedEx's negligent entrustment of the 2018 Ford box truck to Defendant Ramirez was a substantial factor in causing the injuries and damages to the plaintiff as described herein.

16.  As a result of this collision, the plaintiff suffered the injuries and/or exacerbations as set forth below, some of which injuries and/or exacerbations, or the effects thereof, being permanent in nature:

a.  C3-C4 Disc bulge
b.  C4-C5 Disc bulge impressing upon ventral thecal sac
c.  C5-C6 Disc protrusion impressing upon ventral thecal sac
d.  C6-C7 Disc protrusion impressing upon ventral thecal sac
e.  Cervical sprain/strain with radiculopathy
f.  Lumbar sprain/strain
g.  Bilateral carpal tunnel syndrome

17. As a further result of the collision, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

18. As a further result of these injuries, the plaintiff has incurred, and may continue to

incur, medical expenses.

19. As a further result of these injuries, the plaintiff has lost wages.

20. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

**COUNT FIVE:** (Negligent entrustment as to CBA Logistics, Inc.)

1-13. Paragraphs one through thirteen of Count One are hereby incorporated and made paragraphs one through thirteen of this Count Five as if fully set forth herein.

14. This collision, and the resulting injuries and losses suffered by the plaintiff, were due to the negligence and carelessness of Defendant CBA, and/or its agents and/or employees in one or more of the following ways:

a.   In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez when they knew or should have known of Defendant Ramirez's inexperience and/or incompetence as a truck driver operating a box truck vehicle on the highway and in heavily trafficked areas;

b.   In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez when they knew or should have known that his ability or alertness was so impaired, or so likely to become impaired, through fatigue, illness, distraction, or any other cause, as to make it unsafe for him to begin or continue to operate the 2018 Ford box truck on the highway in heavily trafficked areas, in further violation of 49 C.F.R. Sections 392.3 et seq.;

c.   In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez prior to properly training and/or providing any training to its driver Defendant Ramirez, in the safe operation of the box truck vehicle when they knew or should have known that he was unfit and unfamiliar with driving said box truck on the highway and in heavily trafficked areas;

d.   In that they negligently entrusted a 2018 Ford box truck to Defendant Ramirez to operate on the highway and in heavily trafficked areas  prior to completing and confirming Defendant Ramirez's three-year driving history in violation of 49 C.F.R. Section 391.00, in failing to check its employee's previous three-year driver history, check with previous employers within the past 3 years minimum, check medical/physical qualifications, drug screening, continuing obligations with annual reviews/certifications, road test or equivalent and failing to have its employees demonstrate competence;

15. Defendant CBA's negligent entrustment of the 2018 Ford box truck to Defendant Ramirez was a substantial factor in causing the injuries and damages to the plaintiff as described herein.

16.  As a result of this collision, the plaintiff suffered the injuries and/or exacerbations as set forth below, some of which injuries and/or exacerbations, or the effects thereof, being permanent in nature:

      a.      C3-C4 Disc bulge
      b.      C4-C5 Disc bulge impressing upon ventral thecal sac
      c.      C5-C6 Disc protrusion impressing upon ventral thecal sac
      d.      C6-C7 Disc protrusion impressing upon ventral thecal sac
      e.      Cervical sprain/strain with radiculopathy
      f.      Lumbar sprain/strain
      g.      Bilateral carpal tunnel syndrome

17. As a further result of the collision, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

18. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

19. As a further result of these injuries, the plaintiff has lost wages.

20. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

**COUNT SIX:** (Negligent hiring as to FedEx Ground Package System, Inc.)

1-13. Paragraphs one through thirteen of Count One are hereby incorporated and made paragraphs one through thirteen of this Count Six as if fully set forth herein.

14. This collision, and the resulting injuries and losses suffered by the plaintiff, were due to the negligence and carelessness of Defendant FedEx, and/or its agents and/or

employees in one or more of the following ways:

 a. In that they failed to check and/or confirm Defendant Ramirez's three-year driving history in violation of 49 C.F.R. Section 391.00, in failing to check its employee's previous three-year driver history, check with previous employers within the past 3 years minimum, check medical/physical qualifications, drug screening, continuing obligations with annual reviews/certifications, road test or equivalent and failing to have its employees demonstrate competence;

 15. Defendant FedEx's negligent hiring of Defendant Ramirez was a substantial factor in causing the injuries and damages to the plaintiff as described herein.

 16. As a result of this collision, the plaintiff suffered the injuries and/or exacerbations as set forth below, some of which injuries and/or exacerbations, or the effects thereof, being permanent in nature:

 a. C3-C4 Disc bulge
 b. C4-C5 Disc bulge impressing upon ventral thecal sac
 c. C5-C6 Disc protrusion impressing upon ventral thecal sac
 d. C6-C7 Disc protrusion impressing upon ventral thecal sac
 e. Cervical sprain/strain with radiculopathy
 f. Lumbar sprain/strain
 g. Bilateral carpal tunnel syndrome

 17. As a further result of the collision, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

 18. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

 19. As a further result of these injuries, the plaintiff has lost wages.

 20. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy life's leisure activities has been reduced.

**COUNT SEVEN:** (Negligent hiring as to CBA Logistics, Inc.)

 1-13. Paragraphs one through thirteen of Count One are hereby incorporated and made

paragraphs one through thirteen of this Count Seven as if fully set forth herein.

14. This collision, and the resulting injuries and losses suffered by the plaintiff, were due to the negligence and carelessness of Defendant CBA, and/or its agents and/or employees in one or more of the following ways:

a.    In that they failed to check and/or confirm Defendant Ramirez's three-year driving history in violation of 49 C.F.R. Section 391.00, in failing to check its employee's  previous three-year driver history, check with previous employers within the past 3 years minimum, check medical/physical qualifications, drug screening, continuing obligations with annual reviews/certifications, road test or equivalent and failing to have its employees demonstrate competence;

15.    Defendant CBA's negligent hiring of Defendant Ramirez was a substantial factor in causing the injuries and damages to the plaintiff as described herein.

16. As a result of this collision, the plaintiff suffered the injuries and/or exacerbations as set forth below, some of which injuries and/or exacerbations, or the effects thereof, being permanent in nature:

a.    C3-C4 Disc bulge
b.    C4-C5 Disc bulge impressing upon ventral thecal sac
c.    C5-C6 Disc protrusion impressing upon ventral thecal sac
d.    C6-C7 Disc protrusion impressing upon ventral thecal sac
e.    Cervical sprain/strain with radiculopathy
f.    Lumbar sprain/strain
g.    Bilateral carpal tunnel syndrome

17. As a further result of the collision, the plaintiff has experienced, and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, and fear and apprehension of such future medical treatment and/or disorders.

18. As a further result of these injuries, the plaintiff has incurred, and may continue to incur, medical expenses.

19. As a further result of these injuries, the plaintiff has lost wages.

20. As a further result of these injuries, the ability of the plaintiff to pursue and enjoy

life's leisure activities has been reduced.

**COUNT EIGHT:** (Negligent as to FedEx Ground Package System, Inc.)

1-19. Paragraphs one through nineteen of Count One are hereby incorporated and made paragraphs one through nineteen of this Count Eight as if fully set forth herein.

20. At all times mentioned herein, Defendant FedEx was the employer of Defendant Ramirez.

21. At all times mentioned herein, Defendant Ramirez was operating the Ford Box truck owned and/or leased by Defendant FedEx for the benefit of his employer, Defendant FedEx, and was acting in furtherance of the enterprise of Defendant FedEx, and within the scope of his employment.

22. As Defendant Ramirez's employer, Defendant FedEx is liable for the negligence and other wrongful conduct of Defendant Ramirez in causing the aforesaid collision and for the injuries and damages owing to the plaintiff therefrom.

**COUNT NINE:** (Negligent as to CBA Logistics, Inc.)

1-19. Paragraphs one through nineteen of Count One are hereby incorporated and made paragraphs one through nineteen of this Count Nine as if fully set forth herein.

20. At all times mentioned herein, Defendant CBA was the employer of Defendant Ramirez.

21. At all times mentioned herein, Defendant Ramirez was operating the Ford Box truck owned and/or leased by Defendant CBA for the benefit of his employer, Defendant CBA, and was acting in furtherance of the enterprise of Defendant CBA, and within the scope of his employment.

22. As Defendant Ramirez's employer, Defendant CBA is liable for the negligence and other wrongful conduct of Defendant Ramirez in causing the aforesaid collision and for the injuries and damages owing to the plaintiff therefrom.

THE PLAINTIFF:
Rebecca Supan

By: Luke Mario, Esq.
Carter Mario Law Firm
100 Plains Road
Milford, Connecticut
Tel. No: 203-876-2711
Juris No: 106160

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

| | | |
|---|---|---|
| **RETURN DATE: FEBRUARY 15, 2022** | : | **SUPERIOR COURT** |
| **REBECCA SUPAN** | : | **J.D. OF NEW HAVEN** |
| **VS.** | : | **AT NEW HAVEN** |
| **RANGEL RAMIREZ, FEDEX GROUND PACKAGE SYSTEM, INC. and CBA LOGISTICS, INC.** | : | **JANUARY 19, 2022** |

### PRAYER FOR RELIEF

The Plaintiff claims:

1.    Monetary relief;

2.    Such other and further relief as the Court deems appropriate.

THE PLAINTIFF:
Rebecca Supan

By: Luke Mario, Esq.
Carter Mario Law Firm
100 Plains Road
Milford, Connecticut
Tel. No: 203-876-2711
Juris No: 106160

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County

**RETURN DATE: FEBRUARY 15, 2022**     :     **SUPERIOR COURT**

**REBECCA SUPAN**     :     **J.D. OF NEW HAVEN**

**VS.**     :     **AT NEW HAVEN**

**RANGEL RAMIREZ, FEDEX GROUND**
**PACKAGE SYSTEM, INC. and CBA**
**LOGISTICS, INC.**     :     **JANUARY 19, 2022**

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF:
Rebecca Supan

By: Luke Mario, Esq.
Carter Mario Law Firm
100 Plains Road
Milford, Connecticut
Tel. No: 203-876-2711
Juris No: 106160

A TRUE COPY ATTEST

John J. O'Leary
CT State Marshal - Hartford County